Filed 5/13/22  P. v. Griffin CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. PHILLIP DEAN GRIFFIN, Defendant and Appellant. | B310849 (Los Angeles County Super. Ct. No. BA476482) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed as modified.

Bess Stifflelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

A jury convicted defendant Phillip Dean Griffin of attempted criminal threat and found true the allegation that he used a deadly and dangerous weapon.  On appeal, defendant contends that the trial court erred in instructing the jury on the elements of his crime and the sentencing enhancement.  The Attorney General concedes both errors, but maintains that defendant was not prejudiced by the court's failure to instruct adequately on attempted criminal threat.  We affirm the judgment as modified.

# II.  BACKGROUND

A.    *Information*

On April 25, 2019, the Los Angeles County District Attorney charged defendant by information with assault with a deadly weapon, in violation of Penal Code section 245, subdivision (a)(1) (count 1);[1] and making a criminal threat, in violation of section 422, subdivision (a) (count 2).  The District Attorney additionally alleged, among other sentencing enhancements, that defendant personally used a deadly and dangerous weapon, within the meaning of section 12022, subdivision (b)(1), in connection with count 2.

---

[1]    All further statutory references are to the Penal Code.

2

B.    *Trial Evidence*

On March 26, 2019, Francisco Ramirez, a security guard, was working at a strip mall in Los Angeles. At around 4:30 p.m., Ramirez observed that customers were rushing away from defendant, who stood in the parking lot.

Ramirez approached defendant and asked him what was going on. When Ramirez was about three or four feet away, defendant made a swiping motion with a kitchen knife. Defendant then ran toward a Rite-Aid in the strip mall. Ramirez "cut him off," took out a pepper spray canister (which he then noticed was empty), and, when defendant approached some customers, screamed at him to "'go back.'" When defendant saw the pepper spray canister, he ran toward some palm trees and stabbed one with a knife as he said, "'This is what's going to happen to you if you get near me.'" He next picked up a crowbar and began striking the tree, as he said, "'This is what's going to happen to you if you pepper spray me.'" At the time defendant made his threats, Ramirez was about 18 feet away. Although Ramirez was scared, he was able to remain calm because of his prior experience with "other situations." Ten to 15 minutes later, Ramirez called 911.

C.    *Jury Instructions and Closing Arguments*

As relevant for purposes of this appeal, the trial court instructed the jury that, to prove defendant guilty of making criminal threats, "the People must prove that:

"1. The defendant willfully threatened to unlawfully kill or unlawfully cause great bodily injury to Francisco Ramirez;

3

"2. The defendant made that threat orally;

"3. The defendant intended that statement be understood as a threat;

"4. The threat was so clear, immediate, unconditional, and specific that it communicated to Francisco Ramirez a serious intention and the immediate prospect that the threat would be carried out;

"5. The threat actually caused Francisco Ramirez to be in sustained fear for his own safety;

"AND

"6. Francisco Ramirez's fear was reasonable under the circumstances."

The trial court also instructed the jury on the lesser included crime of attempted criminal threat:

"To prove that the defendant is guilty of attempted Criminal Threats . . . the People must prove that:

"1. The defendant took a direct but ineffective step toward committing Criminal Threats;

"AND

"2. The defendant intended to commit Criminal Threats."

Regarding the sentencing enhancement for use of a deadly or dangerous weapon, the trial court instructed the jury that a "*deadly weapon other than a firearm* is any object, instrument, or weapon that is inherently deadly or one that is used in such a way that it is capable of causing and likely to cause death or great bodily injury."

The jury found defendant not guilty of assault with a deadly weapon and the lesser included offense of simple assault. The jury also found defendant not guilty of criminal threat but found him guilty of the lesser included offense of attempted

4

criminal threat. The jury found true the allegation that defendant personally used a deadly and dangerous weapon.

Following a bench trial on prior conviction sentencing enhancements, the trial court sentenced defendant to three years for attempted criminal threat and one additional year for the weapons enhancement.

We previously granted defendant relief from default for failure to timely file a notice of appeal and accepted his notice.

## III. DISCUSSION

A.   *Attempted Criminal Threat*

Defendant contends, the Attorney General concedes, and we agree that the trial court erred when it failed to instruct the jury that, to find defendant guilty of attempted criminal threat, it must conclude that the intended threat was sufficient under the circumstances to cause a reasonable person to be in sustained fear. (*People v. Chandler* (2014) 60 Cal.4th 508, 525 (*Chandler*).) The parties, however, disagree about whether this error prejudiced defendant.

We determine whether the trial court's instructional error was prejudicial by applying the *Chandler*[2] standard of review. Such an error is harmless if "no reasonable juror could have failed to find defendant's threats sufficient under the circumstances to cause a reasonable person to be in sustained fear." (*Chandler, supra*, 60 Cal.4th at p. 525.)

In *Chandler*, the defendant, who was known to his neighbor victims, "expressly threatened to kill both victims."

---

[2]   *Chapman v. California* (1967) 386 U.S. 18, 24.

(*Chandler, supra*, 60 Cal.4th at p. 525.)  Further, the defendant "made th[ose] threats while face-to-face with the victims (and, in [one victim's] case, while swinging a golf club) on the street where the victims lived." (*Id*. at p. 526.)  "Neither the prosecution nor the defense ever suggested that [the] defendant could be convicted of attempted criminal threat based solely on his subjective intent to threaten . . . .  Moreover, the defense theory at trial did not contest the reasonableness of the victim's fear. Instead, [the] defendant argued that there was reasonable doubt as to whether he made any of the alleged threats and that the threats, if made, did not cause actual or sustained fear." (*Id*. at p. 525.)

Similarly, here, defendant used a knife and a crowbar to strike at a tree to indicate what he would do to Ramirez. Further, defendant made his threats to Ramirez during a face-to-face encounter and Ramirez testified that he was scared as a result.  Finally, neither the prosecution nor the defense suggested that defendant could be convicted of attempted criminal threat based solely on his subjective intent to threaten.  On this record, we conclude that "defendant's threats were sufficient under the circumstances to cause a reasonable person to be in sustained fear—indeed, defendant did not argue otherwise at trial—and no reasonable juror could have concluded otherwise." (*Chandler, supra*, 60 Cal.4th at p. 526.)

B.      *Weapons Enhancement*

The Attorney General concedes defendant's next argument, that the imposition of the one-year weapons enhancement under section 12022, subdivision (b)(1) must be vacated because the trial court's instruction allowed the jury to conclude that a knife was an inherently dangerous weapon.  (*People v. Aledamat* (2019) 8 Cal.5th 1, 15–16).  We accept the concession.

## IV.  DISPOSITION

The judgment is modified by striking the one-year weapon enhancement pursuant to section 12022, subdivision (b)(1).  The clerk of the court is directed to issue an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:


RUBIN, P. J.


BAKER, J.

8